### R. P. FORD v. STATE.

No. A-2748.   Opinion Filed July 14, 1917.

(166 Pac. 75.)

1. **VENUE—Burglary.** Burglary committed by breaking and entering a railroad car is completed when the breaking and entry is accomplished, and the venue lies in the county within which the same was accomplished.

2. **SAME.** A person who breaks and enters a railroad car at Duke, in Jackson county, cannot be prosecuted for the crime in an original proceeding in Harmon county. The prosecution in this case should have been instituted and carried on in the district court of Jackson county.

*Appeal from District Court, Harmon County;*
*F. B. Swank, Assigned Judge.*

R. P. Ford was convicted of burglary, and appeals. Reversed.

*P. K. Morrill,* for plaintiff in error.

*R. McMillan,* Asst. Atty. Gen., for the State.

ARMSTRONG, J.   R. P. Ford, the plaintiff in error, was convicted in the district court of Harmon county on a charge of burglary, and from the judgment imposed has appealed to this court for reversal.

A number of errors are assigned and argued in the brief, only one of which will be discussed. This is based upon the contention that the venue of the crime, if committed, lay in Jackson county, and not Harmon county.

The undisputed. proof shows that the plaintiff in error entered a railroad car containing merchandise, at Duke, in Jackson county, Okla., and that the car was one of a number in a train operated on the Wichita Falls & North-

western Railroad between Altus, Okla., and Wellston, Tex.; that the train did not stop between Duke in Jackson county and Gould in Harmon county; that while the train was in motion, and when nearing Gould, a brakeman discovered the plaintiff in error throwing merchandise out of the car door; that he was drunk at the time.

It appears from the testimony of the plaintiff in error himself that he got in the car at Duke; that he had been put off of a passenger train there drunk, and was trying to get back home.

The crime of burglary was complete at the time the burglarious breaking and entering of the car was accomplished. The proof clearly shows that this occurred in Jackson county. The venue, therefore, for a prosecution for burglary would lie in Jackson county, and not Harmon county. It is clear from the record that the merchandise was thrown out of the car in Harmon county, but the plaintiff in error is not charged with the larceny of this property.

The prosecution having been instituted and carried on in Harmon county, and the crime having been committed, if committed at all, in Jackson county, the prosecution must fail on the ground that the district court of Harmon county had no jurisdiction.

The judgment is reversed, and the cause remanded.

DOYLE, P. J., and MATSON, J., concur.